DOUGLAS J. MARTINI v. COMPANION PROPERTY & CASUALTY
INSURANCE COMPANY

No. 323A09

(Filed 17 June 2010)

**Insurance–automobile— underinsured motorist coverage— substitute vehicle—issue of material fact**

The decision of the Court of Appeals that the trial court properly granted summary judgment for plaintiff holding that plaintiff's insurance policy for a Toyota provided underinsured motorist (UIM) coverage for the Mitsubishi plaintiff was operating at the time of an accident because the Mitsubishi was a "temporary substitute" for the Toyota is reversed for the reasons stated in the dissenting Court of Appeals opinion. Sharply conflicting evidence presented by the parties at the summary judgment hearing presented a genuine issue of material fact as to whether the Toyota was "out of service" on the date of the accident and thus whether the Mitsubishi was a substitute vehicle within the meaning of the policy.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, —— N.C. App. ——, 679 S.E.2d 156 (2009), affirming in part and reversing and remanding in part an order of summary judgment entered on 12 May 2008 by Judge Leon J. Stanback, Jr. in Superior Court, Wake County. Heard in the Supreme Court 10 May 2010.

*Brown, Crump, Vanore & Tierney, L.L.P., by R. Scott Brown and W. John Cathcart, Jr., for plaintiff-appellee.*

*Womble, Carlyle, Sandridge & Rice, PLLC, by Burley B. Mitchell, Jr. and Michael T. Henry, for defendant-appellant.*

PER CURIAM.

For the reasons stated in the dissenting opinion in the Court of Appeals, we reverse the decision of that court as to the appealable issue of right and hold that summary judgment was improperly entered on the issue of whether the insurance coverage provided in defendant's policy applied to plaintiff's vehicle at the time of the accident. The remaining issues addressed by the Court of Appeals are not properly before this Court, and the decision as to those issues

remains undisturbed. This case is remanded to the Court of Appeals for further remand to the Superior Court, Wake County for further proceedings not inconsistent with this opinion.

REVERSED IN PART AND REMANDED.